Per Curiam.

On plaintiff’s appeal, we find that a proper appraisal of the
evidence, oral and documentary, clearly sustains the trial court’s determination-directing dismissal of plaintiff’s 'first cause of action and crediting defendant Fomento Industrial y Mercantil, S. A., with $15,000 paid plaintiff on November 8, 1941; and the judgment so far as appealed from by plaintiff should be affirmed.
We think, too, that the trial court properly rejected on the merits defendants’ contention that plaintiff’s extensive services on quantum meruit were not rendered to defendant corporations or either of them as found by the court.
An examination of the record shows that the learned trial court acted with fairness and competence. In this long trial with so many complicated issues, we find no reversible error of law. On defendants’ appeal, however, we think that the amounts allowed by the trial court as the value of plaintiff’s services in the following causes of action on quantum meruit should be reduced to the amounts hereinafter indicated: (a) on plaintiff’s third cause of action (as to the U. S. lumber contract) from $20,000 to $10,000, and (b) on plaintiff’s fifth cause of action (proposed hydro-eleetrie plant) from $50,000 to $35,000.
The judgment appealed from should be modified accordingly and, as so modified, affirmed, without costs. Settle order.
Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ., concur.
Judgment, so far as appealed from by the plaintiff, unanimously affirmed. Judgment, so far as apealed from by the defendants, unanimously modified by reducing the recovery on the third cause of action (as to the U. S. lumber contract) from $20,000 to $10,000, and on the fifth cause of action from $50,000 to $35,000 and, as so modified, affirmed, without costs. Settle order on notice. [See post, p. 999.]